UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM A. HIMCHAK III, | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 1:17-CV-01870 |
| v. | (KANE, J.) |
| COMMONWEALTH OF PA, et al., | (MEHALCHICK, M.J.) |
| Respondents. | |

**MEMORANDUM**

Presently before the Court is an Amended Petition (the "Petition") for writ of habeas corpus filed by William A. Himchak III ("Himchak") on October 31, 2017. (Doc. 5). Himchak brings this Petition pursuant to 28 U.S.C. § 2254, asking this Court to set aside his convictions from Franklin County as they violate his rights guaranteed under the United States Constitution, and to release him from parole.[1] (Doc. 51, at 3). Himchak was paroled from custody during the pendency of this action and currently resides in Harrisburg, Pennsylvania. (Doc. 50, at 2).

The Petition is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. For the reasons provided herein, the Court finds that the Petition (Doc. 5) fails to state a claim upon which relief may be granted, and Himchak should be granted leave to file an amended petition.

---

[1] Money damages are not available in federal habeas corpus proceedings, thus any request for damages must fail. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

## I. BACKGROUND AND PROCEDURAL HISTORY

In his Petition, Himchak appears to challenge multiple charges, detentions, and possibly, convictions. (Doc. 5). He indicates that certain charges are current and ongoing, (Doc. 5, at 4), that he was improperly transferred between prisons, (Doc. 5, at 4), that his charges were fraudulent, (Doc. 5), and that his charges are unconstitutionally ongoing. (Doc. 5, at 14).

Himchak, proceeding *pro se*, signed and dated the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 25, 2017. (Doc. 5, at 16). On November 1, 2019, this Court provided Himchak with an election form pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), directing Himchak to indicate whether he wished to proceed on the § 2254 petition as filed or withdraw his petition so that he could file a single all-inclusive petition setting forth all exhausted claims. (Doc. 43). In response, Himchak demanded a habeas attorney – a demand previously denied by the Third Circuit. (Doc. 23, at 3); (Doc. 45). As directed by the election form, Himchak's failure to complete the form means that the Court will now rule upon the Petition (Doc. 5) under 28 U.S.C. § 2254.

## II. DISCUSSION

### A. LEGAL STANDARD

Pursuant to 28 U.S.C. foll. § 2254, the Court is obligated, prior to service of process, to screen a habeas petition for possibility of relief. Rule 4, 28 U.S.C. foll. § 2254. The Court must dismiss the petition if it plainly appears that the petitioner is not entitled to relief in the district court. Rule 4, 28 U.S.C. foll. § 2254. Under 28 U.S.C. § 2243, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, 28 U.S.C. foll. § 2254 advisory

committee's note to 1976 adoption. A petition must state facts pointing to a "real possibility of constitutional error;" 'notice' pleading is insufficient. Rule 4, 28 U.S.C. foll. § 2254 advisory committee's note to 1976 adoption. Finally, the Federal Rules of Civil Procedure which relate to pleading requirements apply, as well, to habeas proceedings. Fed. R. Civ. P. 81(a)(4); see *Jago v. Ortiz*, 245 F. App'x 794, 796 (10th Cir. 2007) ("We agree with the court below that Mr. Jago's petition for federal habeas relief does not constitute a 'short and plain' statement of his claims, and we therefore conclude it was appropriately dismissed without prejudice under Fed. R. Civ. P. 8."); *Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002) ("Courts have directed *pro se* petitioners to file an amended habeas corpus petition where the original petition did not contain a short and plain statement of the claims as is required by Fed. R. Civ. P. 8(a)."). This includes the Rule 12(b)(6) standard governing motions to dismiss, as well as Rule 8 defining what the petition shall contain. *United States ex rel. Esola v Groomes*, 520 F.2d 830, 833 (3d Cir. 1975); *Jago,* 245 F. App'x at 796; *Anderson*, 39 F. App'x at 136.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the petition, as well as "documents incorporated into the [petition] by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In order to state a valid cause of action a petitioner must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A trial court must assess whether a petition states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a [petition]'s 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a petitioner can prove facts that the petitioner has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, however, a court must accept as true all allegations in the petition, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the petitioner. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a petition must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which defines what a petition should contain:

> (a) A [petition] that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* petitioner's well-pleaded petition must recite factual allegations which are sufficient to raise the petitioner's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the [respondent] fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* petition, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a [petition] is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. THE AMENDED PETITION DISGUISES ANY TRUE SUBSTANCE IN CONFUSED AND AMBIGUOUS INFORMATION

At the outset, the Petition fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. As discussed *supra*, Rule 8(a)(2) requires that a petition contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a petition is "illegible or incomprehensible," *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when it is "not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a petition under Rule 8 is appropriate. *See, e.g., Rhett v. New Jersey State Superior Court*, 260 F. App'x 513 (3d Cir. 2008); *Stephanatos*, 236 F. App'x at 787; *Scibelli,* 219 F. App'x at 221; *Bennett-Nelson v. La. Bd. Of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir. 2005). Further, dismissal is appropriate under Rule 8 in "those cases in which the [petition] is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Here, Himchak's Petition effectively disguises any potential claim(s) of action. (Doc. 5). In his 57-page Petition, Himchak makes numerous references to 'fraudulent' charges leading to a 'fraudulent' incarceration, however he fails to describe in what ways these charges were fraudulent. *See Bell Atlantic Corp.*, 550 U.S. at 555 (holding that a conclusory pleading is insufficient). In the grounds for relief sections of his Petition, Himchak states that he has exhausted his remedies, he has been illegally incarcerated, his home has been 'fraudulently' stolen, he identifies officials who were on recorded phone calls, he demands oral depositions, he states that he has been illegally transported between prisons, and he contests, at length, the underlying charges of his convictions. (Doc. 5, at 8). Throughout his Petition, Himchak describes the process of his trial in detail, complains about the sale of his home, alleges a nefarious scheme where his attorney begins working as the prosecutor, submits a handwritten "news article," and submits a jumbled assortment of emails and marked-up orders. (Doc. 5).

To identify any potential claims asserted by Himchak, the Court must parse through numerous pages of extraneous information, most of which appear unrelated to any constitutional claim. (Doc. 5). The Petition is confused and ambiguous due to the wide variety of subjects it addresses. (Doc. 5). Any true claim is disguised by the confusion and ambiguity. Therefore, the Court finds that Himchak's Petition fails to comply with the requirements of Rule 8. See *Tillio*, 441 F. App'x at 110.

C. ANY SPEEDY TRIAL CLAIM IS PROCEDURALLY DEFAULTED

The only potentially meritorious claim identified by the Court is for a violation of Himchak's right to a speedy trial. (Doc. 5, at 8). This claim, however, is procedurally defaulted.

Generally, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 845 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process."). The United States Court of Appeals for the Third Circuit has further explained that, to "fairly present" a claim for exhaustion purposes, the petitioner must advance "a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v.*

*Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such notice may be conveyed through a petitioner's:

> "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."

*McCandless v. Vaughn*, 172 F.3d 255, 261–62 (3d Cir. 1999) (citing *Evans v. Court of Common Pleas, Del. County, Pa.,* 959 F.2d 1227 (3d Cir.1992)).

Exhaustion under the AEDPA also "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. In Pennsylvania, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an "available" state court remedy. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (declaring review from the Pennsylvania Supreme Court to be "unavailable" for purposes of exhausting state court remedies). However, "a claim will be deemed unexhausted if the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented,' but has failed to do so." *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017), *cert. denied sub nom. Wilkerson v. Lane*, 138 S. Ct. 1170, 200 L. Ed. 2d 319 (2018) (citing 28 U.S.C. § 2254(c)).

On the other hand, "[w]hen a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. §

2254(b)(1)(B)(i)); *see also* Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). In such situations, a claim is deemed "procedurally defaulted,[2] not unexhausted, and … may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default." *Wenger v. Frank*, 266 F.3d 218, 223–24 (3d Cir. 2001); *see also Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Wilkerson*, 871 F.3d at 228 ("If a petitioner's federal claim was not 'fairly presented,' and further state-court review is no longer available under state law, the claim is 'procedurally defaulted' …") (quotations omitted).

Here, the Pennsylvania Superior Court determined that Himchak's speedy trial claim was not preserved for its review because Himchak failed to file a written motion to dismiss with the trial court as required by Pennsylvania's Rules of Criminal Procedure. *Commonwealth v. Himchak*, No. 149 MDA 2018 (Pa. Super. Ct.). Further, the Pennsylvania Superior Court stated in it opinion,

> We note that [Himchak] makes fleeting references to the United States and Pennsylvania constitutions in his Statement of Questions involved … however, [Himchak] does not develop a constitutional claim in the argument section of his brief in any meaningful fashion capable of review. Accordingly, any constitutional speedy trial claim is waived.
>
> *Himchak*, No. 149 MDA 2018 (internal quotations omitted).

---

[2] "The doctrine of procedural default prohibits federal courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is independent of the federal question and adequate to support the judgment." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 281 (3d Cir. 2018) (citing *Bey v. Superintendent*, 856 F.3d 230, 236 (3d Cir. 2017)).

A review of Himchak's brief confirms a lack of discussion of a constitutional speedy trial claim. *Himchak*, Brief for Appellant, 2018 WL 4559240. Additionally, a review of the trial court docket corresponding to Himchak's prosecution confirms that he did not file a motion to dismiss on the grounds of a speedy trial violation. *Commonwealth of Pennsylvania v. Himchak*, No. CP-28-CR-0000095-2015 (Franklin Cnty. Ct. Com. Pl.). Accordingly, this claim is procedurally defaulted, and the undersigned is prohibited from performing a review. *See Bennett,* 886 F.3d at 281.

### D. LEAVE TO AMEND

Keeping in mind that a document filed *pro se* is "to be liberally construed" and further, that if a petition is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile, the Court will grant Himchak leave to file a second amended petition in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Himchak is reminded that the amended petition must consist of concise and direct statements alleging only the constitutional violations which led to his incarceration or detention. Conclusory labels are insufficient. Further, Himchak must **not** include any extraneous information that does not **directly** involve an alleged violation of the United States constitution. Finally, any claim arising from an alleged violation of Himchak's right to a speedy trial has been procedurally defaulted at the state court level, may not be brought in Federal court, and so may not be included in an amended petition.

### III. CONCLUSION

Based on the foregoing, the Court finds that Himchak's Petition (Doc. 5) fails to state

- 10 -

a claim upon which relief can be granted under 28 U.S.C. § 2254. The Court will grant Himchak leave to file an amended petition within **14 days of the date of the Order accompanying this Memorandum.**

    An appropriate Order follows.


**Dated: March 10, 2020**                                   *s/ Karoline Mehalchick*
                                                                       **KAROLINE MEHALCHICK**
                                                                       **United States Magistrate Judge**